## EX PARTE COLÓN.

### APPEAL from the District Court of Guayama.

No. 125.—Decided December 12, 1907.

HABEAS CORPUS—ILLEGAL IMPRISONMENT.—Section 54 of the Penal Code has not been repealed by any law and where a defendant is condemned by a municipal court to pay a fine and in case of failure to pay the fine to serve a term of imprisonmnt in excess of 90 days, when he shall have served 90 days his imprisonment will become illegal and he must be discharged on application for a writ of *habeas corpus*.

The facts are stated in the opinion.
*Mr. Rossy, fiscal,* for respondent.
The appellant did not appear.
MR. JUSTICE FIGUERAS delivered the opinion of the court.
The Municipal Court of Cayey sentenced Eustaquio Colón, found guilty of the crime of assault and battery with aggravating circumstances, to pay a fine of $500, or in default

thereof, to be imprisoned one day for each dollar he should fail to pay. He was imprisoned on August 27, 1907.

On November 25 of the same year he made application for a writ of *habeas corpus* to the District Court of Guayama, alleging that his imprisonment was illegal, because according to the provisions of section 54 of the Code of Criminal Procedure, he could not be confined for more than 90 days, and that he had already served such time in the said jail of Cayey.

The District Court of Guayama, on November 29, 1907, heard the appeal and denied his application for release from custody, on the ground that said section 54 had been repealed by implication by subsequent acts which are in conflict with it and render it inapplicable, and to this end cited and discussed a number of provisions which, in his opinion, show the said implied repeal.

Eustaquio Colón took an appeal.

Sections 322 and 54 of the Code of Criminal Procedure have been made the subject of discussion by this Supreme Court on a number of occasions, and in support of this affirmation we may cite the cases of Gabriel Díaz, decided May 6, 1907; José Maiz, decided June 21, 1907; and Rafael Laviosa, decided October 30, 1907.

But where it is most clearly seen that section 54 is still in force, this being the question at issue on this appeal, is in the case of Guadalupe Andino, a *habeas corpus* proceeding, decided May 28, 1905.

The fact that this provision is in force was clearly and distinctly established therein in treating of the alternative penalties of fine or imprisonment now imposed by the municipal courts.

There is no reason whatever for now changing this view, and as the penalty which the appellant, Eustaquio Colón, is suffering has exceeded the limit of 90 days established by said section 54, his present imprisonment is illegal and his immediate release is proper by virute of the right given him by

subdivision 2 of section 483 of the Code of Criminal Procedure, and therefore the judgment appealed from should be reversed.

*Reversed.*

. Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.